CASE 5—PETITION ORDINARY—JANUARY 11.

# Bishop v. Lawrence.

### APPEAL FROM CLARK COURT OF COMMON PLEAS.

TIME OF ESSENCE OF CONTRACT—WAIVER.—Where an obligation for the payment of borrowed money, without security, provides for its payment in monthly installments, and further provides that, upon default in the payment of any installment, the whole debt shall become due, time is of the essence of the contract, and the failure to pay any installment when due gives the creditor the right to demand and receive the whole debt; and any waiver of the default, to be binding, must be by agreement, upon a sufficient consideration. The mere acceptance by the creditor of a payment, upon the whole debt, of the amount of any unpaid monthly installment as to which the debtor is in default, does not authorize the presumption of a waiver, by the creditor, of the default, there being no equity in favor of the debtor to authorize such a presumption.

HAGGARD & BENTON FOR APPELLANT.

The appellee's conduct amounted to a waiver of his right to rely upon appellant's default in the payment of the first installment as a forfeiture of further time in which to pay the debt; and the fact that he was to continue to receive more than six per cent. interest, was sufficient consideration for the waiver. (2 Bouvier's Law Dictionary, Waiver, 648; Bellamy v. Ragsdale. 14 B. Mon., 293; Hilliard on Contracts, vol. 2, p. 171.)

W. M. BECKNER FOR APPELLEE.

the judgment of the lower court, which is to be considered as the verdict of a jury, is not palpably and flagrantly against the evidence, this court will not reverse. (Robinson v. Gentry, 2 Bibb, 542; Cecil v. Bell, 2 J. J. Mar , 310; Johnson v. Davenport, 3 J. J. Mar., 397; Goodall v. Goodall, 5 J. J. Mar., 597; Kirk v. Kirk, 3 Dana, 54; Banfield v. Bruton. 7 B. M., 109; Bright v. Wilson, 7 B. M., 123; Page v. Carter, 8 B. M., 192; Moore v. Foster, 10 B. M., 256; Salmons v. Webb, 12 B. M., 368; D. L. & N. T. R. R. Co. v. Stewart, 2 Met., 122.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant, on the 28th day of March, 1883, executed and delivered to the appellee his written obliga-

tion, which read as follows: "I this day borrowed two hundred dollars of Wm. S. Lawrence, and I agree to pay him the twelfth part of the amount at the expiration of every month, and the interest at eight per cent.; and this note is to be put in the Clark County National Bank. I agree to have the money in the bank at the end of every month, so that this note can be credited with the amount that I have agreed to pay to the said Wm. S. Lawrence; and in case I make a failure, this note is due at the end of any month."

Signed, &c.

The appellee, in his petition on said note, after setting it out, alleged that the appellant "wholly failed and refused to pay the installment on said debt which was due on the 28th of April, 1883, when it became due, and said note was, by the terms of said writing, then due. And said defendant has not paid any part of said debt, except ten dollars, on the — day of ——, 1883, and eighteen dollars on the 17th of May, 1883, though it is all due." The appellant, in his answer, alleged "that on the — day of May, 1883, and before the institution of this suit, he paid to the plaintiff eighteen dollars in part payment of the debt sued on, and said plaintiff accepted said money in payment of one twelfth part of said debt, and the interest due thereon for one month, and waived the breach of contract complained of in his suit."

The allegations of the appellee's petition that the writing sued on was given in consideration of money loaned appellant by appellee, and that the whole amount of said money was to become due on the 28th of April, 1883, if appellant failed to pay one twelfth

part of it, and the interest thereon, on that day; and that he wholly failed and refused to pay said twelfth part on that day; and by reason of said failure to pay said twelfth part, the whole of said money was due; and that said defendant, since then, had failed to pay any part of said debt, referring to the whole sum, except ten and eighteen dollars, not being denied by appellant, must be taken as true. The question, then, is, is the appellant's answer a sufficient plea in avoidance of the payment of said debt?

His allegation is, "that on the — day of May, 1883, he paid to the plaintiff eighteen dollars in part payment of the debt sued on." The whole debt was sued on as due, and the appellant, by the language quoted, admits that he paid eighteen dollars in part payment on the whole debt.

The note, or obligation was credited with ten and eighteen dollars, as part payments on the whole debt. The appellant failed to deny, and thereby admitted, that the credit thus entered was correct. Appellant then alleged that plaintiff accepted said money in payment of one twelfth part of said debt, and the interest due thereon, for one month;" but he had already said that he paid it on the whole debt, and admits that appellee's entry of it as a credit on the whole debt was correct. The allegations stand thus: That appellant paid eighteen dollars on the whole debt, and that appellee credited the whole debt with the eighteen dollars, but accepted it in payment of one twelfth part of the debt. So the failure of the appellant to allege that he paid the appellee the eighteen dollars, in discharge of the first installment due on the contract, and that it was ac-

cepted by the appellee as such payment, by an agreement between them, renders the allegations in the answer, that appellant "accepted said money in payment of one twelfth of said debt, and the interest due thereon for one month, and waived the breach of the contract complained of in his suit," ineffectual as a plead in avoidance. It is merely the conclusion of the pleader.

The appellant was a man of very limited means. The appellee loaned him two hundred dollars without security. The loan was evidently made to relieve the appellant of some pressing necessity; and as a means of assuring the payment of said money, they agreed that appellant should pay one twelfth part of the sum at the end of each month, together with interest thereon, until the whole debt was paid; and if he made default in any of the monthly payments, then the whole debt was to be due. So, we see, that time was of the essence of the contract. The appellee's security depended upon the punctilious discharge of the contract by appellant according to its terms. It is unlike an executory contract where both parties agree to do something in the future; both the consideration and the performance are before them. In such a case the performance may be waived without any new consideration for it, because no property or other thing of value having passed from one to the other, the parties will be left in *statu quo*. It is unlike a forfeiture contained in a lease for the non-payment of rent; there, if the landlord receives the rent accruing after forfeiture, he thereby waives the forfeiture, because his condition is not worsted; he is still the owner of the land, and has received the stipulated price

for its use ; and forfeitures not being favored in law, the
courts will take hold of slight circumstances to relieve
against them, if it can be done without violating the
substantial rights of the parties.   It is unlike a forfeit-
ing clause in a contract for the sale of land providing
for the forfeiture of the contract, and the reversion of
the land to the vendor, if the vendee fails to make pay-
ment of the purchase money at some specified time.   If
the vendor receive the payment of the purchase money,
or a part of it, after the time specified, this will be a
waiver of the forfeiture, because time in such cases is
not ordinarily the essence of the contract, for the reason
that the purchase money is ordinarily secured by lien,
and the payment of the money, though not at the time
agreed, is a substantial compliance with the contract.
And so, generally, when forfeitures and conditions are
annexed to contracts for the sole benefit of one party,
the enforcement of which would be inequitable, the
courts will take hold of any fact or circumstance, though
slight, indicating a purpose to waive the forfeiture or
condition, so as to carry out their contract according
to its substance.

Here the appellee had loaned his money to the ap-
pellant.   The loss, by the failure of the appellant to
pay, would fall alone upon the appellee.   His security
for the payment of the money consisted in the prompt
payment of the monthly installments.   Therefore, time
was of the essence of the contract.   The prompt pay-
ment of the monthly installments was the substan-
tial consideration for making the loan, and a failure
to make these payments promptly was a substan-
stantial violation of the contract; and the loss resulting

therefrom would fall upon the appellee alone, and the appellant would be the gainer. Therefore, there could be no binding waiver of the default of the appellant, unless the waiver was made by contract upon a sufficient consideration. Had the appellant and appellee, in consideration of the payment of the installment after it was due, agreed to waive the default, the consideration of appellee's continuing to receive more advantageous interest than six per cent. would probably be sufficient to sustain the agreement. This, however, is not necessary to decide, as no agreement is averred in the answer. So, also, upon the failure of the appellant to pay the first installment on the 28th of April, 1883, the whole debt was then due, and the appellee had the right to demand and receive the whole debt, without being guilty of any unconscionable advantage of the appellant, as he would simply receive what was justly his due, without imposing any unjust burden upon the appellant. Therefore, the appellee had the right to receive the eighteen dollars on the whole debt, because, as already said, the whole debt was justly due, and no presumption would arise from the simple fact of the reception of the eighteen dollars that the default of appellant was waived, and his right to pay the debt by monthly installments restored, because there was no equity in his favor to authorize such a presumption.

The appellant's answer being fatally defective, the judgment of the lower court is affirmed.