W. J. LYTLE ET AL. V. GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY ET AL.

Decided December 6, 1905.

**1.—Scalpers—Violation of Injunction—Contempt Proceedings.**

In proceedings for contempt in failing to obey an order of court, the respondent may question the order of court, which he is charged with refusing to obey, only insofar as he can show it to be absolutely void, and can not be heard to say that it is erroneous, however flagrant it may appear to be.

**2.—Contempt Proceedings—Jurisdiction.**

In this class of cases the term "jurisdiction" does not mean simple jurisdiction of the particular case occupying the attention of the court, but jurisdiction of the class of cases to which the particular case belongs.

**3.—Same—Agent.**

The court has jurisdiction of agent of party to the suit, though himself not a party, and may punish for violation of its order.

Appeal from the District Court of Bexar.   Tried below before Hon. Edward Dwyer.

*Wm. Aubrey, W. P. Napier* and *W. H. Lipscomb,* for appellants.·

*Frank H. Walsh,* for appellees.

NEILL, ASSOCIATE JUSTICE.—This is a proceeding instituted in this court by appellees against Robert Reid and W. J. Lytle to punish them for contempt of this court for violating, pending appeal, a decree of injunction rendered in this case by the District Court.   On June 28, 1905, the District Court of Bexar County, Thirty-seventh Judicial District of the State of Texas, in cause No. 17,124, styled "Galveston, H. & S. A. Ry. Co. et al. v. W. J. Lytle," then pending in said court, entered a final decree perpetually enjoining the defendants, one of whom is the respondent W. J. Lytle, their agents, servants, and employes from interfering with plaintiff's, one of whom is the Missouri, Kansas & Texas Railway Company, business in buying, selling, exchanging or otherwise dealing in any ticket, certificate, advertising contract, or pass, or the return portions thereof, of any of said evidences of a right to transportation over the roads or any part thereof of any of the plaintiffs, when such ticket, certificate, advertising contract, pass or any other evidence of the right of transportation either by the terms thereof, is nontransferable, on which is printed, written, or stamped upon any portion thereof the words "nontransferable," or equivalent words.   The decree further provides that "this injunction shall apply to all classes of tickets and other evidence of the right of transportation, issued at a reduced rate, already issued, or to be issued in the future, whereon is printed, marked, written, or stamped, upon any portion thereof the words "nontransferable" or equivalent words, whether specifically named herein or not, as well as to the following: all nontransferable passes of every kind and character, all nontransferable advertising contracts of transportation, or nontransferable homeseekers tickets, mileage tickets, tourists tickets, commutation tickets, or San Antonio Carnival, Battle of Flowers, San Jacinto Day tickets, San Antonio International Fair tickets, Rough Riders' Reunion tickets, immigrant or emigrant tickets, tickets to teachers' associations and conventions, church conventions of all denominations, Sunday School conventions of all denominations, medical associations and conventions of all kinds and characters, meetigs of all Masonic orders, all Knights of Pythias, Elks, Woodmen of the World, Odd Fellows, Hoo Hoo or Black Cat, Knights of Columbus, and all meetings of all secret orders of all kinds and characters, whether mentioned herein or not, all conventions of Builders' Exchanges, Federation of Women's Clubs, Daughters of the Confederacy, Confederate Veterans, tickets to all points where are being held State and county fairs, live stock associations, live stock shows, circus, saengerfest, all

musical and educational conventions, Labor Day celebrations, political conventions, tickets for winter tourists in Texas, summer tourists from Texas, Christmas holidays to Texas, Fourth of July excursions, school conventions of all kinds and characters, tickets to places where there are theatrical entertainments, farmers' congresses, land seekers to Texas, sheriffs' conventions, county judges' conventions, district and county clerks' conventions, real estate conventions, provided only that such tickets shall be nontransferable tickets; that is, that they shall contain in the body of the ticket, or have marked, printed, written, or stamped on some portion thereof, the word "nontransferable" or equivalent words." From this decree the defendants, including the respondent Lytle, gave notice of appeal and on July 7, 1895, perfected their appeal to this court, in which their appeal from said decree is now, and has been pending ever since the date it was perfected. On November 25, 1905, the respondent Robert Reid, who was then and had been prior to that time, the agent of W. J. Lytle, one of defendants in said suit, in the city of San Antonio, Texas, and in the place of business of said Lytle, with full knowledge of said decree and of the pendency of the appeal therefrom in this court, did, as the agent of said Lytle, in defiance of said injunction and in contempt of this court, sell to one Arthur West the return portion of the following described railroad ticket, issued by the Missouri, Kansas & Texas Railway Company at St. Louis, Mo., to one O. G. Parsell entitling him to transportation over its lines of road from St. Louis, Mo., to San Antonio, Texas, and return thence to St. Louis, Mo., it being form H. S. 21, A. 1,615, and a special "Home-seekers Excursion Ticket" and having printed on the face thereof the words "ticket nontransferable," which was originally sold at a reduced rate.

In this proceeding no question can be raised by respondents as to the validity of the decree which they have violated. Having appealed from it to this court, it was the duty of Lytle and of Reid, as his agent, pending the appeal to obey the injunction, and of this court to enforce obedience to it (Gulf, C. & S. F. Ry. v. Ft. Worth & N. O. Ry., 68 Texas, 105, 2 S. W. Rep., 499, 3 S. W. Rep., 564) ; and, in enforcing it, to punish as contempt, its disregard or violation. Until we come to consider and determine the questions involved in the appeal, we must observe the rule that, in proceedings for contempt in failing to obey an order of court, the respondent may question the order which he is charged with refusing to obey, only insofar as he can show it to be absolutely void, and can not be heard to say that it is erroneous, however flagrant it may appear to be. If the District Court had jurisdiction of the parties and the matter adjudicated, the injunction can not be said to be absolutely void. "Jurisdiction," in the sense here used does not mean simple jurisdiction of the particular case occupying the attention of the court, but jurisdiction of the class of cases to which the particular case belongs. It is sufficient, in a proceeding like this, that the case belongs to a general class over which the authority of the trial court extends. If it does, then jurisdiction attaches, and is not lost because of an erroneous decision, however erroneous it may be. O'Brien v. People (Ill.), 75 N. E. Rep., 109. The case in which the decree appealed from was rendered

was one of injunction—the class over which the court that rendered it had unquestionable original jurisdiction.

As to the jurisdiction of the person of the respondent Lytle, there can be no question, for he was a party defendant to the suit, appeared, answered, and defended and then appealed to this court from the decree rendered against him. While not a party, the respondent Robert Reid was the agent of Lytle and, while acting as his agent, with full knowledge of the decree, and that his sale of such ticket as the agent of Lytle would be a violation of the express terms of the injunction, willfully violated it. These facts give this court jurisdiction, and make it its duty to punish him as well as Lytle for contempt of its jurisdiction (Ex parte Stone [Texas Cr. App.], 72 S. W. Rep., 1000); for what Lytle did through his agent he did himself, and is equally liable for the consequences. Wherefore it is adjudged, by reason of the premises, that each respondent is guilty of contempt of this court in violating said injunction and that he be punished therefor. Therefore, a fine of $350 is assessed against W. J. Lytle and a fine of $200 against Robert Reid for such contempt.

It is therefore ordered and adjudged by the court that the State of Texas do have and recover of and from W. J. Lytle the sum of $350 and of and from Robert Reid the sum of $200. It is further ordered that in default of immediate payment by either respondents of the fine adjudged against him, he be taken into custody by the sheriff and confined in the county jail of Bexar County until such fine is paid, or until the further order of this court. It is also ordered that the cost of this proceeding be paid by the respondents.