**INTERNATIONAL LADIES' GARMENT WORKERS' LOCAL UNION NO. 123 et al. v. DOROTHY FROCKS CO.**

Motions Nos. 12657 to 12661; No. 10046.

Court of Civil Appeals of Texas. San Antonio.

Aug. 12, 1936.

See, also, 95 S.W.(2d) 1346.

Leonard Brown and Maxwell Burket, both of San Antonio, and Robert Lee Guthrie, of Dallas, for appellants.

Sylvan Lang and Morris Wise, both of San Antonio, for appellee.

MURRAY, Justice.

The above motions constitute contempt proceedings instituted in this court by appellee against Manuel Cardenas, Carlos Ibarra, Mrs. W. H. Ernst, Mrs. Merle Zappone, Manuel de Hoyos, Mayme Konzelman, Helen Rivas, Margarita Reygados, Helen Reygados, Frances Casares, Maria Flores, Connie Esquivel, Frances Cone, Grace Perez, and Carmen Estrado, charging each of the above-named persons with contempt of this court in that they have violated the terms of a certain temporary injunction pending in this court, on appeal from the Forty-Fifth district court.

The above-named respondents have filed a motion to dismiss these proceedings on the ground that the trial court and not this court has jurisdiction of this matter. The contention is made that this temporary injunction having been issued by Hon. S. G. Tayloe of the Forty-Fifth district court, and only having been brought before us by an appeal such as is provided for in article 4662, Rev.St., wherein it is provided, among other things, that: "Such appeal shall not have the effect to suspend the order appealed from unless it shall be so ordered by. the court or judge who enters the order." That therefore the trial judge who issued the injunction is the proper agency to enforce such order and not this court.

In support of this contention we are cited to the case of Ex parte Klugsberg (Tex. Sup.) 87 S.W.(2d) 465, 468, wherein it was held that, where a receiver was appointed by a trial court and an appeal taken under the provision of article 2250, the trial court would nevertheless have jurisdiction to punish as for contempt one who refuses to obey the order of the court to turn certain property over to the receiver. We think this case in no way affects the numerous decisions in this state holding in effect that, pending an appeal from an order granting a temporary injunction, the appellate court and not the trial court has jurisdiction to punish as for contempt of court any disobedience of such injunction. One of the most recent decisions to this effect is the case

of Ex parte Travis, 123 Tex. 480, 73 S.W. (2d) 487.

Justice Critz expressly distinguishes the Klugsberg Case from the Travis Case in the following language: "Relator cites the case of Ex parte Travis, 123 Tex. 480, 73 S.W.(2d) 487, by Judge Greenwood, as supporting his contention of a lack of jurisdiction in the district court to punish him for contempt in this case. We think the opinion in that case announces a correct rule of law, but it has no application here, if for no other reason, because of the express provisions of article 2250, supra."

We do not regard the contention here made as an open question. Justice Greenwood in Travis Case, speaking for the Supreme Court, had the following to say: "There must be an end to orderly administration of justice if at the same time two separate courts entertaining different views could exercise the power to adjudicate the same question. The Texarkana Court of Civil Appeals correctly announced more than a quarter of a century ago that: 'After the appeal is thus perfected (i. e. by notice and cost bond), then the trial court loses its power in respect to those things which might trench on the appellate functions, and the jurisdiction of the Court of Civil Appeals attaches.' * * * Gordon v. Rhodes & Daniels, 104 S.W. 786, 787." See, also, Lytle v. Galveston H. & S. A. Ry. Company, 41 Tex.Civ.App. 112, 90 S.W. 316.

Since writing the above, the case of Ex parte Duncan (Tex.Sup.) 95 S.W.(2d) 675, 679, has been published and removes any doubt about the law in this state. Justice Sharp, speaking for the Supreme Court, there says: "When an appeal was taken from the order granting a temporary restraining order by the trial court to the Court of Civil Appeals, the order was not suspended, and the Court of Civil Appeals acquired jurisdiction of the matter. Where the Court of Civil Appeals acquires jurisdiction of a question, that court has the right and power to issue all writs necessary to enforce and protect its jurisdiction."

Respondents' motion to dismiss the contempt proceedings will be overruled, and this court will entertain jurisdiction of these proceedings.

When these matters were called for consideration on a prior date of the court, it was suggested by both parties that they would each desire to offer oral testimony.

The matter of taking this testimony was referred to Hon. S. G. Tayloe, judge of the Forty-Fifth district court, and we now have before us the stenographic transcript of all the oral testimony.

From this testimony it is apparent that the respondents have been guilty of violating the provisions of the injunction now pending in this court.

The evidence shows that Manuel Cardenas has violated the provisions of the injunction by the following acts: (1) By threatening to inflict upon H. B. Lieberman, an employee of Dorothy Frocks Company, bodily injury; (2) by breaking two of the glass windows of an automobile occupied by H. B. Lieberman and several other employees of Dorothy Frocks Company; said automobile being the property of said Dorothy Frocks Company; (3) by attacking Jason Doss, an employee of Dorothy Frocks Company, on Tuesday, June 9, 1936, and inflicting serious bodily injuries upon him; the said Cardenas being aided and abetted by Carlos Ibarra and two other men; (4) by assembling, congregating, and remaining near the place of business of Dorothy Frocks Company on June 8, 1936, and on June 10, 1936.

It is therefore the opinion of the court that Manuel Cardenas is guilty of contempt of this court, and should be punished by confinement in the county jail for a period of ten days, and a payment of a fine in the sum of $200, and cost of this proceeding.

The evidence further shows that Carlos Ibarra is guilty of violating the injunction by the following acts: (1) On June 8, 1936, and on June 10, 1936, by assembling, congregating, and remaining near the place of business of Dorothy Frocks Company; (2) on June 9, 1936, by attacking Jason Doss, an employee of Dorothy Frocks Company, and inflicting serious bodily injuries upon him; the said Ibarra being aided and abetted by Manuel Cardenas and two other men.

It is therefore the opinion of the court that Carlos Ibarra is guilty of contempt of this court and should be punished by confinement in the county jail for a period of five days, and the payment of a fine of $100, and cost of this proceeding.

The evidence shows that Mrs. W. H. Ernst is guilty of violating the injunction

by the following acts: (1) On June 8, 1936, by inflicting upon Beatrice Rosales, an employee of Dorothy Frocks Company, serious bodily injuries by slashing and cutting her with a piece of glass; (2) on June 8, 1936, by threatening to cut the face of said Beatrice Rosales, if she did not quit working for Dorothy Frocks Company; (3) by assembling, congregating, and remaining near the place of business of Dorothy Frocks Company on June 8, 1936, and June 10, 1936; (4) on June 11, 1936, by committing an assault upon Theresa H. Rios, and inflicting serious bodily injuries upon her.

It is therefore the opinion of this court that Mrs. W. H. Ernst is guilty of contempt of this court, and should be punished by confinement in the county jail for a period of five days, and the payment of a fine of $100, and costs of this proceeding.

The evidence further shows that Mrs. Merle Zappone is guilty of violating the injunction by the following acts: (1) On June 11, 1936, by committing an assault upon Theresa H. Rios, an employee of Dorothy Frocks Company, and inflicting serious bodily injuries upon her; (2) by assembling, congregating, and remaining near the place of business of Dorothy Frocks Company on June 8, 9, 10, 11, 12, 13, and 15; (3) by picketing the place of business of Dorothy Frocks Company on June 8, 9, 10, 11, 12, 13, and 15, jointly with members of the said International Ladies' Garment Workers' Local Union No. 123, in numbers exceeding three, and with placards and banners, and without furnishing the names of such pickets or representatives to the Dorothy Frocks Company; (4) on June 8, 1936, by participating in assaults upon Ella Mynier, Reyes Campos, and Selma Schuneman, all employees of Dorothy Frocks Company; (5) on June 8, 1936, by cursing H. B. Lieberman, an employee of Dorothy Frocks Company, and threatening to "get him."

It is therefore the opinion of the court that Mrs. Merle Zappone is guilty of contempt of this court, and should be punished by confinement in the county jail for a period of eight days, and the payment of a fine in the sum of $250, and cost of this proceeding.

The evidence further shows that the respondents Manuel de Hoyos, Mayme D. Konzelman, Helen V. Rivas, Margarita Reygados, Helen Reygados, Frances Casares, Maria Flores, Connie Esquivel, Fran-

ces Cone, Grace Perez, and Carmen Estrado, and each of them, did on the dates here given violate the terms of said injunction in the following particulars:

(1) On June 8, 1936, by individually and collectively assembling, congregating, and picketing, with banners and placards, near the place of business belonging to relator, within the prohibition of said injunction. And on said date said respondent Helen V. Rivas did further violate said injunction by participating in an assault upon the persons of Beatrice Rosales, Raleigh Johnson, and Rosa Gaona, then and there employees of relator.

(2) And on said date said respondents Frances Casares, Maria Flores, Connie Esquivel, and Frances Cone did further violate the terms of said injunction by participating in assaults upon the persons of Ella Mynier, Reyes Campos, and Selma Schuneman, then and there employees of relator.

(3) And on said date said respondents Mayme D. Konzelman, Margarita Reygados, Helen Reygados, Carmen Estrado, and Grace Perez did further violate the terms of said injunction by participating in assaults upon Beatrice Rosales, Raleigh Johnson, and Rosa Gaona, all employees of Dorothy Frocks Company, relator.

(4) On June 16, 1936, said respondents Manuel de Hoyos, Mayme D. Konzelman, Helen Reygados, Connie Esquivel, and Frances Casares did further violate the terms of said injunction by picketing the place of business of relator in numbers exceeding three, and with placards and banners, and without furnishing the names of such pickets or representatives to relator.

(5) On June 8, 9, 10, 11, 12, 13, 15, and 16, 1936, said respondents and each of them did further violate the terms of said injunction by assembling, congregating, and remaining near the place of business of relator and picketing, in numbers exceeding three, the said place of business of relator and with placards and banners, and not acting singly or separately, and without furnishing the names of said pickets or representatives to relator.

It is therefore the opinion of this court that the said respondents are guilty of contempt of this court as charged in said motions and hereinabove set out, and it is the judgment of this court that said respondents Mayme D. Konzelman, Mar-

garita Reygados, Helen Reygados, Grace Perez, and Carmen Estrado are in contempt of this court, and they are so adjudged, and each of them, and the punishment for each of them is hereby assessed at imprisonment in the county jail of Bexar county, Tex., for a period of one day, and a fine of $100 each, and costs of this proceeding.

And it is further the judgment of this court that said respondents Manuel de Hoyos, Helen V. Rivas, Frances Casares, Maria Flores, Connie Esquivel, and Frances Cone are in contempt of this court, and they are so adjudged and each of them, and the punishment for each of them is hereby assessed at imprisonment in the county jail of Bexar county, Tex., for a period of two days and a fine of $100 each, and costs of this proceeding.

It is further ordered that the clerk issue all necessary process to carry into effect the judgment of this court.

SMITH, Chief Justice (concurring).

I concur in the opinion of Justice MURRAY.

The majority have not deemed it appropriate or proper to discuss the merits of the controversy between the parties to the main suit, and thereby probably prejudice the rights of those parties in subsequent proceedings below. The merits of that controversy are in no possible sense involved in this matter of contempt only.

Assuming jurisdiction of this contempt proceeding, as we have done with much reluctance, the only questions before this court are, first, whether the respondents have been guilty of willfully violating the terms of the injunction, and, second, if so, by what means, and in what degree, should those so found guilty be punished.

Finding, unanimously, that the respondents are guilty under the evidence, nothing remained but to assess appropriate penalties for such violations. In that respect, the majority have agreed upon the penalties specified in Justice MURRAY'S opinion. Justice BOBBITT concurs in those assessments as to some of the respondents, but dissents, in the matter of degree, from the penalties fixed by the majority as to the other violators. It is a matter of conscience and discretion, permitting reasonable disagreement.

■ The majority concur in much that is said by Justice BOBBITT, in the abstract. We particularly agree to the abstract proposition that the rights of employer and of strikers should be protected alike by the courts of the land. But we would go further, and include in that protection the rights of those employees who have remained at work and who claim and ask the right to continue to do so. We say that those who are at work, and want and ask to be permitted to continue at work, are entitled to do so without being stalked, waylaid, beaten, their faces and bodies slashed with broken glass, their clothes publicly stripped from their bodies, as was done by respondents to women employees who saw fit to remain at their work in order to earn a livelihood for themselves and their families.

We say that the protection of the law should be extended alike, and without discrimination, not only to employers and strikers, but as well to workers peaceably pursuing their employment, in disregard of the strike.

This contempt proceeding has nothing to do with the controversy out of which the strike arose, nor with the merits of the injunction appealed from. It has only to do with the question of whether this court has the power and discretion and duty to punish acts of violence done in willful defiance of its decrees.

Supplemental Opinion.

MURRAY, Justice.

■ It appearing to the court that the judgment heretofore on this day filed in this case, assessing punishment against respondents herein, and consisting of both jail sentences, court costs, and fines against each thereof, is erroneous to the extent that all such punishments are not authorized for the commission of past offenses by the provisions of article 1826, Revised Civil Statutes of Texas 1925,

It is therefore the judgment and order of this court that all fines assessed herein against each and all of the respondents are hereby remitted and set aside, and none of the respondents are required to pay any amount assessed against them as fines herein. Neither shall any of said respondents be confined in jail by reason of inability to pay costs of court.

It is further ordered, adjudged, and decreed that the judgment and sentences heretofore this day entered shall otherwise be

and remain exactly as provided in said judgment as originally entered.

The clerk of this court is directed to issue appropriate process hereunder.

BOBBITT, Justice (concurring).

I concur in the above amendment and correction of the judgment and sentences in this cause, and without in any manner changing the conclusions stated by me in the dissenting opinion this day filed in this cause.

BOBBITT, Justice (dissenting).

I am not in accord with all of the conclusions reached by the majority in this unusual proceeding, and deem it my duty to here now respectfully enter my dissent, and file a statement setting forth my reasons therefor.

On the 6th day of May, 1936, 54 out of 68 total employees of appellee corporation went out on strike, and began picketing appellee company and to carry placards accusing the company of unfair labor practices. Appellee thereafter, on May 11th, applied to and received from the Forty-Fifth district court of Bexar county a temporary restraining order against respondents here, and others, enjoining them from doing the things hereinafter stated, and, after a hearing, on May 13th granted appellee a temporary injunction against respondents and others, enjoining respondents by name and by implication, "from in any manner injuring the property of the plaintiff or the operation of its business in any manner, and from injuring any of its officers, agents or employees, and from threatening to inflict, or attempting to inflict, any of said injuries; and the said parties, individually and severally, shall be further enjoined from assembling, congregating or remaining at or near the place of business of Dorothy Frocks Company, situated at the corner of Navarro and Market Streets, San Antonio, Texas, or establishing pickets at or near said place of business, except as follows: It shall be permissible for the defendant International Ladies' Garment Workers' Local Union No. 123, to have not exceeding three representatives, without banners or placards, on duty at or near said premises, one such person to be stationed on the outside and near one of the three entrances to plaintiff's premises, which person shall act singly and separately, and may peaceably and quietly engage in conversation with any of the plaintiff's employees as they go to and from their duties, but such conversations shall be conducted without threats or any manner of intimidation, provided the names of the persons designated by the said Union as their said three representatives shall be furnished to the plaintiff for the days they are so assigned for duty, and not more than three persons shall be so assigned for picket service for any one day; said writ of injunction shall further provide that any person conducting picket duty, as aforesaid, is hereby recognized as possessing the legal right to induce and to attempt to induce by peaceable and lawful means, any person to refuse to accept employment with the plaintiff and may also in like manner induce and attempt to induce any employee of plaintiff to quit, or discontinue such employment; and in like manner such legal right is hereby recognized on the part of each of the persons above enjoined who may not be active on picket duty, provided such right is exercised at places other than at or near the plaintiff's premises."

Both parties to such injunction proceedings appealed from said order, and perfected such appeals to this court on the 20th day of May, 1936, since which date this court has had, and, it is contended, now has, exclusive jurisdiction of the subject matter and the parties bound by such order. On June 11th, thereafter, this court, through an opinion that day filed, affirmed the temporary order and judgment of the trial court, and by opinion filed on July 16th, last, overruled respondents' motion for rehearing. Reference is here made to both such opinions.

Through motions numbered 12657 to 12661, both inclusive, duly filed in this court on June 12, 13, and 17, 1936, relator, Dorothy Frocks Company, charged that respondents, Manuel Cardenas, Carlos Ibarra, Mrs. W. H. Ernst, Mrs. Merle Zappone, Manuel de Hoyos, Mayme D. Konzelman, Helen V. Rivas, Margarita Reygados, Helen Reygados, Frances Casares, Maria Flores, Connie Esquivel, Frances Cone, Grace Perez, and Carmen Estrada, had violated the terms and conditions of said order in the several particulars alleged, and that such respondents were guilty of, and should be punished for, contempt of this court, and prayed that citation in contempt and to show cause

be accordingly issued against each thereof.

The court duly cited said respondents, and they each appeared and filed answers to such charges denying relator's allegations under oath, and both respondents and relator, in open court, stated that they would each desire to offer oral testimony in support of their allegations in respect to the alleged contempts. This court, therefore, remanded the proceedings to the Honorable S. G. Tayloe, judge of the Forty-Fifth district court of Bexar county (before whom the suit on the merits was and is still now pending), who heard the testimony of numerous witnesses and received the evidence on all of the issues of fact as contended by the parties hereto in these contempt charges. Such trial court has certified, and we now have before us, the stenographic transcript of all such testimony of the 43 witnesses who appeared, and which testimony consists of more than 700 pages. The trial court, who conducted the hearing and heard the testimony, was not required and did not file his findings and conclusions. This court, from the written record before us as thus made, is called upon to pass upon the guilt or innocence of the respondents, and to assess the punishment against those found to be guilty of contempt.

In due course the respondents filed their motion to dismiss these charges, on the ground or assertion that the trial court and not this court has jurisdiction of the proceedings.

The contention is made by respondents that, this temporary injunction having been issued by the judge of the Forty-Fifth district court, and only having been brought to this court by an appeal such as is provided for in article 4662, Rev.St., wherein it is provided, among other things, that, "Such appeal shall not have the effect to suspend the order appealed from unless it shall be so ordered by the court or judge who enters the order," such trial judge who issued the injunction is the proper authority to enforce such order, and not this court.

In support of this contention, respondents cite the case of Ex parte Klugsberg (Tex.Sup.) 87 S.W.(2d) 465, and other cases which we have carefully reviewed. In this connection we have considered the cases of Ex parte Travis, 123 Tex. 480, 73 S.W.(2d) 487; Gordon v. Rhodes & Daniels (Tex.Civ.App.) 104 S.W. 786; Lytle

v. Galveston, H. & S. A. Ry. Co., 41 Tex. Civ.App. 112, 90 S.W. 316; and Ex parte Duncan (Tex.Sup.) 95 S.W.(2d) 675.

Under the authority of the cited cases, I agree with the majority that this court has jurisdiction of the motions for contempt as herein filed. However, it is clear to me that such a problem as thus confronts this court as a result of only a temporary emergency order of the trial court and, in the absence of findings and conclusions by the trier of the facts, is entirely out of harmony with the true functions and purposes of an appellate court. The case is still pending in the trial court. Neither the issues of law or fact have been tried or determined on the merits. The lower court heard all the evidence, "eye-balled" all the witnesses, considered all the circumstances, and decided that the rights of all parties necessitated the issuance of the temporary emergency order which was entered in that court. It was entered to preserve the status quo of the parties. The case was not fully presented. On a final hearing on the merits a different conclusion may be reached and an entirely different order entered. No one now knows, or is in any position to speculate, what the final judgment of the trial court may be. In view of the nature of the case and under the law of our state, the case should be promptly tried on the merits with as much dispatch as the convenience of the court will permit. If either or both parties to the litigation fail or refuse to request a prompt trial of the serious charges and allegations made, such attitude reflects a lack of confidence in the proceedings filed, if not an absence of good faith in the allegations or defenses presented to the court. It is my opinion that the appellate courts of this state should not permit parties to experiment or "toy" with any of our courts, and certainly no party should be permitted to use the power of our courts for any purpose other than that authorized and provided by law. A temporary emergency order, as here at issue, should not be used, directly or indirectly, to serve the purpose of, or take the place of, a fair trial on the merits and the granting of such relief as the law and facts justify.

Notwithstanding the holding of our Supreme Court in the cases above cited, it seems clear to me that in the instant case the trial court has, or certainly ought to have, concurrent jurisdiction with this

court in the matter of these very motions to punish for contempt. When, as here, the charges and allegations are disputed, when numerous witnesses give strongly conflicting testimony as to facts and circumstances at issue, and where, as here, those who must decide the issues of fact have no opportunity or facility to hear and observe the witnesses—as does a trial court—it seems that only an ordinary sense of justice to the parties and the issues leads to the conclusion that the trial court should be vested with the jurisdiction and duty to determine and decide the facts as to whether, and to what extent, the order of the court has been violated.

In most, if not all, of the cases where appellate courts have heretofore been called upon to punish for contempt, the facts are agreed or undisputed. In this instance the issues of fact are not only not agreed, but strongly and at great length and in many details contested and confusing. The record is voluminous and testimony conflicting. We did not hear the evidence presented nor observe the various witnesses as they recited their conflicting and contradictory observations and gave their views of the transactions, acts, and incidents which form the basis of the several charges made against respondents.

In an effort, however, to deal fairly with all concerned and confronted with the duty of deciding the issues of fact from the record, we have carefully searched the transcript of the testimony and analyzed, as best we could from the record, all the facts and circumstances presented, and we find that respondents have violated the above-cited order of the court and that punishment therefor should be assessed in conformity with the gravity of the acts committed, and the lack of respect for the order of the court as shown by the conduct of the several parties and under the facts and circumstances as set forth in the record.

As stated in our opinion affirming the judgment and order of the trial court, the temporary injunction and emergency order was properly entered to preserve the status quo of the parties; to safeguard the lives, rights, and property of the parties pending a trial of the issues, both of law and fact, on the merits. That order was lawfully entered in justice to all concerned under the unfortunate circumstances and conditions existing at the time of its entry when it is undisputed that the lives of strikers, nonstrikers, and others were seriously endangered; when mobs and rioters had to be restrained in order that the rights of citizens to work, or refuse to work, could be fairly determined by the courts and not settled or destroyed—along with their property—by violence and bloodshed.

It has not been determined who was responsible for the differences or the troubles which caused the strike. Citizens have the legal right to strike and contend for what they conceive to be their rights as workers. Likewise other citizens have a right to protect their property and business. Each and all, however, must respect the law and obey all lawful orders of our courts.

It was and is the simple duty of all concerned and affected by the order before us to fully respect it, and disobedience to or defiance of its terms and conditions is contempt, and demands punishment in accordance with the degree of disrespect and contempt exhibited by the offending party. In this case we have considered the conditions and circumstances under which each of the respondents acted; the overt acts committed; their knowledge of the existence of, and the true meaning and extent of, the court's order; and their intentional or unintentional acts in the face of the order; their occasional or incidental acts, as against willful, deliberate, and repeated acts of defiance of, and disrespect for, the court's order. In other words, while there can be no excuse whatever for any person to willfully defy or disrespect a solemn order of our courts, we have, in the duty of sifting the testimony and deciding the issues of fact in these cases, applied the particular facts and acts to the parties responsible therefor and have endeavored to fix the punishment accordingly.

The very unsatisfactory record of the facts before us, and upon which alone we must act in passing upon the existence of and extent of the guilt of the respective respondents herein, has challenged the strength and patience of the members of this court. In failing to agree with my brethren on the extent of the guilt of some of the respondents and appropriate punishment therefor I, of course, do not indulge in or expect criticism. It is simply a disagreement as to what is right and proper under the law and the conflicting and confusing facts and circumstances which **we**

must gather from the record and the record alone.

From the whole record before me, I find that each and all of the respondents had actual notice of, or should have ascertained the existence of and the extent of, the order of the court. For this reason each should be held, to some extent at least, to have transgressed the order. No person, high or low, employee or employer, should be permitted to escape punishment for a willful violation of a solemn, lawful order of any of our courts. To me, however, the record does not require or justify the punishment assessed by the majority against some of the respondents. I concur in the punishment assessed against respondents Manuel Cardenas and Carlos Ibarra. These two parties had full knowledge of the order of the court. They willfully violated such order, and in addition, violently assaulted an employee of relator. In their cases I have found few, if any, mitigating circumstances.

I disagree with the majority in the punishment assessed against the remaining respondents, and express the opinion that they should each be punished by the assessment of a fine and costs, some substantial, the others nominal, depending upon the particular facts and circumstances relating to each, respectively.

It is my opinion that most of the respondents were actually unaware and not advised of the seriousness nor the far-reaching effect of the court's order. Some of them cannot speak or write the English language. Some of them were simply "followers" of leaders in whom they reposed confidence. Most of them had felt, and doubtless now feel, the devastating effects of unemployment, low wages, and long hours at labor. Apparently all of them were laboring under the report of the refusal of their employer to even listen to their pleas for better working conditions. The record shows that the president of the corporation refused to receive or meet their committees. Apparently the main leader or instigator of the strike "left them in the lurch." The record shows that relator was not without fault in some instances in its dealings with the respondents. The blackjack or bludgeon used on some parties to the case and attached to the record with a history of its origin and use was not an instrument calculated to develop good will. A drunken and armed watchman, employed by relator and removed by the authorities of the city after troubles with the workers, did not contribute to harmony and peaceful conditions at the relator's place of business. These and many other circumstances and conditions shown by the record I have carefully considered in mitigation of the punishment, which I would otherwise feel should be assessed in this case.

In passing upon the issues presented by these motions for contempt, we cannot properly be concerned with or influenced by any questions of the rights of the parties on the main questions raised in the case. It is not the business or province of this court or of any other court to "break the strike" or to punish any person or number of persons for any supposed or alleged wrongdoing as a matter of fact, policy, or law not directly connected with the alleged wrongs set forth in the motions before us.

I do not know, and no member of this court knows, of course, what the trial court may do when the issues of this lawsuit are finally and fully tried out on the merits. The temporary injunction now pending may be dissolved. The trial court may determine that some of the provisions of its order are without authority. I have no hesitancy in saying that it seems doubtful to me that the court, as a permanent proposition and aside from the undisputed emergency which forms the basis of the present temporary order, has the power under the Constitution of Texas to prevent workers from expressing their candid opinion of their employers by the carrying of placards or otherwise.

Let there be no misunderstanding of the issue. There are two separate and distinct sides or views to the issues between the parties in this case. Labor has its rights and its duty to fight for those rights in every legal manner and in every court of the land. The employers have their rights and the obligation to safeguard them. The courts are open to each, and should at all times fairly and impartially administer the laws affecting each, and in this instance the court was undertaking to so perform its functions through the emergency order now in effect. Respondents have violated this order. Such action requires punishment to the end that all persons will understand that the law is supreme and must be fully respected by all citizens, without regard to place or position and without reservation.

For the reasons above stated, and because of the mitigating circumstances stated in part, I conclude that respondents Cardenas and Ibarra should be punished as set forth in the judgment and order of the majority, but that the remaining respondents should not be punished as therein provided and to which assessed punishment I dissent.