**CITY OF FORT WORTH v. FORT WORTH ACID WORKS CO. et al.**
(No. 515–3959.)

(Commission of Appeals of Texas, Section A. March 19, 1924.)

1. Trial ⬤⟺5—Defendant cannot be forced to final trial before term of court to which case returnable.

The court does not have the authority, over the objection of the defendant, to force him to final trial before the next term of the court to which under the law his case is returnable; and the filing of an answer, though full and complete, in response to a notice on an application for a temporary injunction, does not waive defendant's right to insist that the case be not finally tried and disposed of before the next term of the court to which it is otherwise returnable, under Rev. St. arts. 4650–4652, 4656, 4662.

2. Trial ⬤⟺5—Defendants held not to have waived right to insist final trial of cause be not had prior to term of court to which cause returnable.

Where plaintiff presented application on September 18, 1922, and petition praying for a temporary injunction and that on final hearing same be made perpetual, and the judge immediately indorsed thereon an order directing the clerk to issue notice to defendants to ap-

pear on September 23, 1922, to show cause why the writ should not be granted, and on that date defendants appeared and filed a full and complete answer and judge did not on that day hear the application, but set the case for hearing on September 27, 1922, stating that the case would be finally tried on the prayer for perpetual injunction, and defendants then objected and excepted and on September 26, 1922, filed a written motion asking that the case be postponed or continued for hearing on final trial until the next term of the court, which began in December, 1922, defendants did nothing which could be construed to be a waiver of their right to insist that final trial of the cause be not had prior to the December term of the court to which it was returnable, under Rev. St. arts. 4650–4652, 4656, 4662.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by the City of Fort Worth and others against the Fort Worth Acid Works Company and others. From a judgment of the Court of Civil Appeals (248 S. W. 822) reversing a judgment for plaintiffs, the City brings error. Affirmed.

Rhinehart Rouer, Raymond Buck, and Gillis Johnson, all of Fort Worth, for plaintiff in error.

H. A. Turner, of Forth Worth, for defendants in error.

BISHOP, J. Plaintiff in error, the city of Fort Worth, on the 18th day of September, 1922, presented to the judge of the district court of the Sixty-Seventh judicial district, then in session, its application and petition alleging that the defendants in error, Fort Worth Acid Works Company and Paul Roessner, were the owners of a plant within said city being used for the purpose of producing sulphuric acid; that in their use of said plant they were causing great quantities of fumes, gases, and vapors to be emitted therefrom which were injurious and obnoxious to the health and comfort of the people residing in the community in which said plant was located, and those traveling along the highways, streets, and sidewalks in proximity thereto; that they would continue to so use said plant unless they were restrained from so doing; and prayed for a temporary injunction, and that on final hearing same be made perpetual.

On presentation the judge indorsed on said application an order directing the clerk of said court to issue notice to defendants in error to appear before said court on the morning of September 23, 1922, to show cause why the writ of injunction prayed for should not be granted. In response to said notice, defendants in error appeared, and on the last-named date filed a full and complete answer to said application and petition. A trial was not then had, but the judge stated that the cause would be set for September 27, 1922, at which time a final trial of the cause would be had on the petition of plaintiff in error for perpetual injunction. To this action defendants in error objected for the reason that the court was not authorized to finally try said cause until the next term of the court, which began on the first Monday in December, 1922. On September 26, 1922, they filed a written motion objecting to a final trial and asking that the case be postponed and continued until the next term of court, which was overruled, and to which they excepted. They also then filed an amendment to their answer.

On September 27, plaintiff in error filed an amendment to its petition specifically praying for perpetual injunction on final trial, and a trial was had before a jury on the request of defendants in error. The case was submitted to the jury on special issues, and on the verdict finding all issues of fact in favor of plaintiff in error, which was approved by the trial court, judgment was rendered granting a perpetual injunction as prayed for. On appeal this judgment was by the Court of Civil Appeals reversed and the cause remanded. 248 S. W. 822.

Upon the presentation of a petition for writ of injunction, the judge, under article 4650, Revised Statutes, may, if it appears from the facts stated therein that the applicant is entitled to the writ, indorse thereon, or annex thereto, his order directing the clerk to issue same, or may cause notice to be served on the opposite party and fix a time and place for hearing the application as provided by article 4651. If the writ of injunction is granted, the applicant therefor shall file with the clerk of the court his application, together with order granting the writ, and it is the duty of the clerk to enter the cause on the civil docket of the court in its regular order in the name of the applicant as plaintiff and the opposite party as defendant. Article 4652. If the writ is granted without the notice of preliminary hearing provided for, the clerk is required to issue, not only the writ of injunction commanding the defendant to obey the order made, stating the term of the court to which the writ is returnable under article 4656, but also to issue citation to defendant as in other civil cases, which is to "be served and returned in like manner as ordinary citations issued from said court," as provided by article 4662. If, however, the writ is granted after notice to defendant as above required, the clerk shall issue the writ as provided in article 4656, stating therein "the term of the court to which such writ is returnable"; but in this event article 4662 provides that it shall not be necessary to issue such citation.

[1] It is clear that the Legislature, by the above articles, was providing for the procedure, and directing the manner in which temporary injunctions, which were to operate until the final termination of the suit,

were to be granted and issued. It was not contemplated that, by the notice above provided for, the court should have the authority, over the objection of the defendant, to force him to final trial before the next term of the court, to which, under the law, his case was returnable. The mere fact that the law provides that when the injunction is granted and issued after such notice, it shall not be necessary to issue citation as in other suits, does not grant this authority. The writ is itself required to state the term of the court to which it is returnable.

The filing of an answer, though full and complete, in response to such notice on an application for a temporary injunction, does not waive the defendants' right to insist that the case be not finally tried and disposed of before the next term of the court, to which it is otherwise returnable. The notice to defendant is to show cause why a temporary injunction should not be issued. He has the right to respond to the notice, and file a full and complete answer to the application without waiving any right that he otherwise would have as to the final trial and disposition of the case. His answer, so filed, cannot be construed to be a voluntary answer, giving the court authority to hear and finally dispose of the case before the term to which it is returnable over his objections, under article 1882, which provides that—

"The filing of an answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him."

The filing of an answer to an application for a temporary injunction, on legal notice to do so, only has the effect of entering appearance for the purpose of trying the issue as to whether an injunction should be issued, which would operate until the case is finally disposed of. Of course, should a plaintiff present a petition praying for a temporary injunction and that on final hearing same be made perpetual, and the judge of the court grant the temporary writ, with or without the notice provided for in article 4651, an answer thereafter filed by defendant would constitute an appearance as provided in article 1882, above quoted. A motion to dissolve the temporary injunction, however, would not be such answer. And in such case should the judge refuse the temporary writ, and the plaintiff file his petition, an answer thereto filed by defendant would constitute an appearance.

[2] In this case on September 18, 1922, the plaintiff in error presented to the judge its application and petition praying for a temporary injunction and that on final hearing same be made perpetual, and the judge immediately indorsed thereon an order directing the clerk to issue notice to defendants in error to appear on September 23, 1922, to show cause why the writ should not be granted. On said last-named date, defendants in error appeared in response to said notice, and filed a full and complete answer to said application and petition. The judge did not on that day hear said application, but set the case for hearing on September 27, 1922, stating that the case would then be finally tried on the prayer for perpetual injunction. The defendants in error then objected to the court setting the case for final trial, and excepted to said order as shown by bill of exception. Defendants in error, on September 26, 1922, also filed their written motion asking that the case be postponed or continued for hearing on final trial until the next term of the court, which began on the first Monday of December, 1922, claiming that this was the earliest term at which the cause could be finally disposed of. This motion was also overruled and defendants in error excepted. The bill of exception in the record clearly shows that defendants in error did nothing which could be construed to be a waiver of their right to insist that final trial of the cause be not had prior to the December term of the court, to which same was returnable. Riggins v. Thompson, 96 Tex. 154, 71 S. W. 14.

We therefore recommend that judgment of the Court of Civil Appeals be affirmed, without prejudice, however, to the right of plaintiff in error to apply to the judge of the district court for temporary injunction.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed without prejudice, as recommended by the Commission of Appeals.