### EX PARTE G. O. KIMBROUGH.

No. 7818.  Decided January 15, 1941.
(146 S. W., 2d Series, 371.)

*M. E. Lawrence,* of Eastland, for relator.

The order entered in the district court citing relator for contempt is in all things void, the court being without jurisdiction to hear and to determine contempt proceedings based upon alleged violations occurring at a time when the cause was pending in the Court of Civil Appeals which had jurisdiction to hear and determine all matters of contempt occurring during the pendency of the case in that court. Gordon v. Rhodes & Daniels, 104 S. W. 786; Ex parte Travis, 123 Texas 480, 73 S. W. (2d) 487; Antner v. State, 114 S. W. (2d) 640.

*Gerald C. Mann,* Attorney General, *Fred Chandler, M. C. Martin,* and *Geo. W. Barcus,* Assistants Attorney General, for the State.

A party who is violating a criminal law should not be protected in such violation, and an injunction which is purely a prohibitive one and has for its purpose the restraining of the party from violating a criminal law cannot be superseded. Mayhew v. Power, 104 S. W. (2d) 642; Trent v. Kennedy, 109 S. W. (2d) 327; Bacon v. Texas Liquor Control Board, 106 S. W. (2d) 382.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This is an original habeas corpus proceeding, filed in this Court by G. O. Kimbrough.

The State, through its proper officers, brought suit against relator in the District Court of Eastland County, under the provisions of the Texas Liquor Control Act, to have relator's residence declared a nuisance under the provisions of Penal Code, Article 666, Section 29, and to enjoin him from selling intoxicating liquor on the premises. Upon a trial on the merits a permanent injunction was granted, but the residence was not padlocked as authorized by the statute. The relator prosecuted an appeal to the Court of Civil Appeals, and executed a supersedeas bond in the amount fixed by the trial court. Pending the appeal, relator made sales of intoxicating liquor from his residence, contrary to the provisions of the injunction. An attempt to have him punished for contempt by the Court of Civil Appeals failed. See Kimbrough v. State, 139 S. W. (2d) 165. After the judgment in the injunction case had been affirmed by the Court

of Civil Appeals, and mandate returned to the trial court, said trial court upon motion of the State adjudged relator to be in contempt of that court for having made sales of intoxicating liquor from his residence while the injunction case was pending on appeal in the Court of Civil Appeals. Hence relator sued out this writ of habeas corpus.

■ It is a very well established rule that, under the provisions of Revised Statutes, Article 2270, unless otherwise provided by statute, all final judgments may be superseded, pending appeal, by the filing of a proper supersedeas bond. Waters-Pierce Oil Co. v. State, 107 Texas 1, 106 S. W. 326, 330; Houtchens v. Mercer, 119 Texas 431, 29 S. W. (2d) 1031; Shell Petroleum Corp. v. Grays, 122 Texas 491, 62 S. W. (2d) 113.

■ It is also well settled by the same authorities that when the judgment is thus superseded its provisions are suspended, and cannot be enforced pending the appeal. See also Article 2275. Consequently, where the provisions of a permanent injunction are suspended on appeal, by the filing of the proper supersedeas bond, persons affected thereby are not required to observe its orders, and cannot be punished in contempt for disobedience thereof. See, in this connection, Haley v. Walker, 141 S. W. 166; Ross v. State ex rel. Shook, 97 S. W. (2d) 505.

■ The Attorney General contends that since this suit was brought under the provisions of the Liquor Control Act, to prevent a violation of the criminal law, same constitutes an exception to the rule as above announced. It should be noted, however, that the very section of the Act under which the injunction suit in question was brought,—Penal Code, Article 666, Section 29,—expressly provides that such proceedings shall be guided by the rules of other injunction proceedings, with certain exceptions not here pertinent. This we think makes it clear that it was the intention of the Legislature that the right to appeal and to supersede the judgment pending appeal applicable in other injunction cases should prevail in suits of this kind. If the Legislature had not so intended it could have provided otherwise, as it did in Section 14 of the same Article, with reference to the right to suspend a judgment forfeiting a liquor dealer's permit pending appeal; or as is provided in Article 4662, with reference to interlocutory injunctions.

■ The Attorney General further contends that, even though the injunction may be suspended pending appeal, yet, if the judgment granting such injunction is finally affirmed on appeal, the person so enjoined may then be punished in contempt for

acts contrary to the injunction, committed by him pending the appeal and after the judgment had been superseded. This contention we think is unsound. When the judgment is suspended by appeal there is no injunction then in force for the defendant to violate. He cannot offend the trial court by acting contrary to the provisions of the injunction, because its provisions are not then in force. The fact that it would be difficult, if not impossible, for the State to recover on the supersedeas bond because of the lack of a suitable measure of damages, furnishes no adequate reason for resorting to such contempt proceedings against the defendant in the injunction case for violations that take place pending the appeal. Antner et al v. State, 114 S. W. (2d) 640, note 8. The State, and not the defendant, prescribes the conditions under which the injunction may be suspended. If the State's remedy in such cases is inadequate, the Legislature can provide otherwise. Moreover, the State has its right to prosecute by regular criminal actions for the violations in question.

■ Moreover, even if the judgment had not been superseded, the contempt, if any, committed after the appeal had been perfected would have been punishable only by the Court of Civil Appeals. Ex parte Travis et al, 123 Texas 480, 73 S. W. (2d) 487.

In our opinion, the relator was not in contempt of the court for acting contrary to the provisions of the injunction, pending the appeal on supersedeas bond.

The relator is ordered discharged.

Opinion delivered January 15, 1941.