**Russell BURGHER, Appellant,**

v.

**The Honorable Oswin CHRISMAN, Judge of the 44th Judicial District Court of Dallas County, Texas, Appellee.**

**No. 20608.**

Court of Civil Appeals of Texas, Dallas.

Aug. 21, 1980.

Charles W. Stuber, Dallas, for appellant.

William C. Sims, Jenkens & Gilchrist, Dallas, for appellee.

Before GUITTARD, C. J., and ROBERTSON and HUMPHREYS, JJ.

GUITTARD, Chief Justice.

Russell Burgher has appealed from a permanent injunction restraining him from competing with his former employer, Big State Exterminating Company, until March 11, 1982. The trial court has declined to fix the amount of the supersedeas bond required to suspend the judgment pending the appeal under rule 364(e) of the Texas Rules of Civil Procedure. Burgher now applies to this court for a writ of mandamus directing the judge to fix the amount of the bond. We grant the writ of mandamus.

■ The rule is well established that on appeal from an order granting a permanent injunction, as distinguished from a temporary injunction pending a final trial, the appellant has the right under rule 364(e) to suspend the judgment pending the appeal by filing a supersedeas bond. *Ammex Warehouse Co. v. Archer,* 381 S.W.2d 478, 484 (1964); *Ex Parte Kimbrough,* 135 Tex. 624, 146 S.W.2d 371, 372 (1941). Accordingly, this court has held that the trial court has no discretion to refuse to fix the amount of such a bond and may be compelled to do so by a writ of mandamus. *General Telephone Co. v. Carver,* 474 S.W.2d 582, 583 (Tex.Civ.App.–Dallas 1971, no writ). Big State acknowledges these authorities, but argues that it would not be adequately protected by such a bond because the injunction was issued on the theory that damages were not an adequate remedy and, therefore, the amount of recovery on such a bond would be difficult to establish. It points out that in this case the trial judge responded to suggestions by this court that the parties to injunction suits be encouraged to proceed with an expedited permanent injunction hearing rather than present the matter on an application for temporary injunction. Accordingly, Big State agreed to proceed with the trial on the merits, and now urges that if the injunction may be suspended by a bond, the relief to which the trial court found it to be entitled will be defeated by pendency of the appeal.

We acknowledge the force of this argument, and we commend the trial judge for proceeding with an early trial on the merits. Under the above authorities, however, the judge had no discretion to refuse to fix the amount of the bond. Perhaps the solution to the problem would be an amendment to rule 364 providing for such discretion.

Meanwhile, any prejudice to Big State may be minimized by early disposition of the appeal. Consequently, we will entertain a motion to give the appeal such advancement as the circumstances justify.

The writ of mandamus will be issued as prayed for unless the trial judge fixes the amount of the bond within fifteen days from this date.