**Dr. William R. ELIZONDO, President of the San Antonio Independent School District Board of Trustees, and Oscar Cisneros, Board Trustee, Relators,**

v.

**The Honorable Eugene WILLIAMS, Frances Mabry, Pat Clayworth, The San Antonio Teachers Council, and Phil Hardberger, Respondents.**

No. 04–82–00439–CV.

Court of Appeals of Texas, San Antonio.

Oct. 20, 1982.

Rehearing Denied Oct. 27, 1982.

Roy R. Barrera, Nicholas & Barrera, Inc., San Antonio, for relators.

Phillip D. Hardberger, San Antonio, for respondents.

Before CADENA, C.J., and BUTTS and REEVES, JJ.

## OPINION

BUTTS, Justice.

Relators Dr. William Elizondo and Oscar Cisneros, president and member of the Board of Trustees of the San Antonio Independent School District, respectively, seek a writ of prohibition to prevent action on a motion for contempt arising from their alleged failure to abide by the judgment in a previous lawsuit. Relators contend that the trial court lacked jurisdiction to act on the motion for contempt. We disagree and deny the application for writ of prohibition.

Respondents Frances Mabry, Pat Clayworth, and the San Antonio Teachers Council obtained a permanent injunction on May 14, 1982, restraining Elizondo, Cisneros and various other officers and agents of the San Antonio Independent School District Board of Trustees from conducting meetings and public business by private telephone conversations in violation of the Texas Open Meetings Act, Tex.Rev.Civ.Stat.Ann. art. 6252–17 (Vernon Supp.1982). The injunction also prohibits the use of district funds for disseminating political information not related to district matters.

On June 10, 1982, relators perfected appeal of the permanent injunction to this court by filing a cost bond and a notice of appeal. Mabry and the Teachers Council, filed a motion for contempt in the trial court on September 9, 1982, alleging that Elizondo and Cisneros violated both provisions of the permanent injunction: conducting telephone conferences on school district matters and using the district's teacher and employee mailing list for political purposes. Relators in turn filed a motion for leave to file a writ of prohibition with the appellate court on September 15, 1982. We granted that motion and prohibited respondents from proceeding further pending oral argument before this court. Relators' sole contention is that the trial court lost jurisdiction to enforce its judgment through a con-

tempt action because appeal had been perfected to this court.

All final judgments, absent a statutory prohibition, may be superseded pending appeal by the filing of a proper supersedeas bond. *Ex parte Kimbrough,* 135 Tex. 624, 146 S.W.2d 371, 372 (1941). A judgment is final when it disposes of all the issues and parties, and renders unnecessary any further action by the court except the execution on the judgment. *Ferguson v. Ferguson,* 161 Tex. 184, 338 S.W.2d 945, 948 (1960); *Northeast Independent School District v. Aldridge,* 400 S.W.2d 893, 895 (Tex. 1966). A permanent injunction constitutes a final judgment when it explicitly describes a prohibited act without need for any further hearing. *Fort Worth Acid Works v. City of Fort Worth,* 248 S.W. 822, 824 (Tex.Civ.App.—Fort Worth 1923), *affirmed,* 259 S.W. 919 (1924).

This court determines the characterization of an injunction as temporary or permanent substantively by examining its characteristics and function. *Owens v. Coker,* 368 S.W.2d 777, 778 (Tex.Civ.App.— Beaumont 1963, no writ). The purpose of a temporary injunction is preservation of the status quo pending trial on the merits. *Iranian Muslim Organization v. City of San Antonio,* 615 S.W.2d 202, 208 (Tex.1981). A permanent injunction is not dependent upon any future action by the court and is characterized by the fact that it grants all the relief which the court intends to grant in that case. *Gensco, Inc. v. Thomas,* 609 S.W.2d 650, 651 (Tex.Civ.App.—San Antonio 1980, no writ). The judgment in this case explicitly delineates the prohibited acts; there is no suggestion that the court contemplates further hearings as to the duration of the injunctive relief. Nor will the passing of time or an act by relators end the injunction. We, therefore, find the judgment to be a permanent injunction.

Whether an injunction is temporary or permanent is determinative of the extent of a party's right to suspend the court's order during appeal. An appellant in a temporary injunction case has two po-

tential protections from the enforcement of the trial court's judgment. The appellant may initially seek to supersede the trial court's judgment under Tex.R.Civ.P. 385(f), but the grant of supersedeas is within the discretion of the court. *Caldwell v. Kingsberry,* 451 S.W.2d 247, 252 (Tex.Civ.App.— Austin 1970, writ ref'd n.r.e.). Should the trial court refuse the request, the appellant has the additional recourse of filing a proper cost bond and perfecting his appeal. Once an appeal has been perfected, the appellate court may protect its jurisdiction by issuance of a writ of prohibition if the trial court attempts to enforce its judgment through a contempt proceeding. Tex.Rev. Civ.Stat.Ann. art. 1823 (Vernon 1964). On appeal from a judgment granting a permanent injunction, as distinguished from a temporary injunction pending final trial, the appellant has the absolute right under Rule 364(e) to supersede and suspend the judgment. *Ex parte Kimbrough, supra; Burgher v. Chrisman,* 604 S.W.2d 536, 537 (Tex.Civ.App.—Dallas 1980, no writ). The trial court has no discretion to refuse to fix the amount of such a bond and may be compelled to do so by writ of mandamus. *Amalgamated Transit Union, Local Division 1338 v. Dallas Public Transit Board,* 430 S.W.2d 107, 120 (Tex.Civ.App.—Dallas 1968, writ ref'd n.r.e.), *cert. denied,* 396 U.S. 838, 90 S.Ct. 99, 24 L.Ed.2d 89 (1969). We hold that relators' failure to exercise their absolute right to supersede the judgment subjects them to the trial court's contempt jurisdiction and, accordingly, deny the application for writ of prohibition on the 24th day of September, 1982.

CADENA, Chief Justice, dissenting.

Although I agree that the injunction involved in this case is a permanent injunction, I cannot agree with the conclusion that the trial court has the power to punish Relators for contempt for acts committed by them after they had perfected their appeal from the judgment granting the injunction by filing an appeal bond and filing the record in this court.

There are several cases holding that after the jurisdiction of the appellate court has

attached only that court may punish for violation of the injunction. *Ex parte Werblud,* 536 S.W.2d 542, 544 (Tex.1976); *Ex parte Duncan,* 127 Tex. 507, 95 S.W.2d 675 (1936). Although all of such cases involve temporary injunctions, there is no acceptable basis for holding that the same rule does not apply where the alleged contempt consists of a violation of a permanent injunction.

The basis for the rule applied in such cases as *Werblud* and *Duncan* is that once the appellate jurisdiction has attached, any attempt by the trial court to compel obedience would interfere with the jurisdiction of the appellate court. This is particularly true where the appellate court is a court of appeals since, with a few exceptions not here applicable, the original jurisdiction of the courts of appeals is limited to the issuance of such writs as may be necessary to protect the jurisdiction of that court.

In *Gordon v. Rhodes & Daniels,* 104 S.W. 786, 787 (Tex.Civ.App.—Texarkana 1907, no writ), the Court said: "After the appeal is thus perfected, ... then the trial court loses its power in respect to those things which might trench in the appellate functions, and the jurisdiction of the (appellate court) attaches." While *Gordon* did not involve the question of power to punish for contempt, Justice Greenwood described the above statement as a correct pronouncement and made it the basis, at least in part, for holding that pending an appeal from an order granting a temporary injunction only the appellate court has the power to punish for disobedience of the injunction, pointing out that only the appellate court "was clothed with power to adjudicate the validity or invalidity of the temporary injunction and to exercise the discretion involved in compelling obedience to the injunction pending the appeal" and that the district court "could exercise no such authority while power to consider and determine these very matters lay exclusively in the higher court." *Ex parte Travis,* 123 Tex. 480, 73 S.W.2d 487, 489 (1934).

The fact that the issuance by an appellate court of a writ of prohibition preventing the trial court from enforcing a temporary injunction by contempt pending appeal is based on the power of the appellate court to protect its jurisdiction was made clear by Justice Sharp in *Ex parte Duncan, supra,* when, after pointing out that when the appeal from an order granting a temporary injunction was perfected, the appellate court acquired jurisdiction of the matter and had "the right and power to issue all writs necessary to enforce and protect its jurisdiction." 95 S.W.2d at 680.

Since the exclusive power of an appellate court to punish for disobedience of an injunction pending appeal arises solely from the power of such court to protect its jurisdiction, it is idle to discuss distinctions between appeals from temporary injunctions and appeals from permanent injunctions. Attempts by the trial court to enforce its order is as much an interference with the jurisdiction of the appellate court in one case as in the other. If, in fact the determination concerning the powers of the appellate court and the trial court rests on whether the order is temporary or permanent, the more tenable conclusion would be that the trial court retains the power to enforce its order where the injunction is temporary but loses such power in the case of a permanent injunction. A temporary injunction order does not dispose of the case and, despite the appeal from such order, the main case is still pending in the trial court. A temporary injunction is entered primarily for the purpose of preserving the status quo without a full presentation of the merit of the controversy between the litigants. Where the appeal is from an order granting a temporary injunction, the entire case is then pending before the appellate court and nothing remains for determination by the trial court. Because of these considerations, Justice Bobbitt, dissenting in *International Ladies' Garment Workers' Union v. Dorothy Frocks Co.,* 97 S.W.2d 379, 384–85 (Tex.Civ.App.—San Antonio 1936, no writ), argued persuasively that where an appeal has been perfected from an order granting a temporary injunction, the trial court should have at least concurrent jurisdiction with the appellate court to punish for contempt.

It is, of course, true that a party appealing from the issuance of a temporary injunction has no absolute right to supersede the order, while supersedeas is a matter of right where the appeal is from an order granting a permanent injunction. But such distinction is irrelevant. The remedies available to a party on appeal cannot be the basis for determining the extent of an appellate court's power to protect and enforce its jurisdiction. To hold that the extent of our power to protect our jurisdiction depends on the remedies available to a litigant would make our power to protect our jurisdiction depend entirely on the whim of the litigant. To hold that the availability of supersedeas to a litigant in any way affects the power of this court to protect its jurisdiction is to ignore the reason for the grant of such power and the purpose to be served by its exercise.

To hold that the availability of supersedeas prevents the issuance of the writ of prohibition in this case means that whether our jurisdiction will be preserved or destroyed depends on the decision of the litigant over which we can exercise no control. We cannot file a supersedeas bond to prevent the destruction of our jurisdiction, nor can we order an unwilling litigant to file a supersedeas bond. The majority's conclusion in this case shifts the power to protect our jurisdiction from this court to the litigant, completely ignoring the fact that the statutory grant of power is to this court and not to the litigant.

The conclusion reached by the majority reflects a fundamental misconception concerning the purpose for which the writ of prohibition would be issued in this case. It is based on the notion that the issuance of the writ would be the protection of the litigant. Since our power to issue the writ is limited to the purpose of protecting our jurisdiction, we cannot issue original writs merely to prevent damage to an appellant pending appeal. Litigants who wish to protect themselves from damage which might result from enforcement of a final judgment pending appeal may do so by filing a supersedeas bond. The purpose of supersedeas is to protect the litigant, not to protect

our jurisdiction. The exercise of the original jurisdiction granted to courts of appeal by Tex.Rev.Civ.Stat.Ann. art. 1823 (Vernon 1964) is to protect the jurisdiction of such courts, not to protect the litigant.

It should also be pointed out that the issuance of the writ of prohibition in this case would not protect Relators from enforcement of the permanent injunction pending appeal. The issuance of the writ would not suspend the injunction and would not insulate Relators from punishment for disobedience. The issuance of the writ would merely mean that the contempt proceedings would be initiated in this court, not the trial court, and that the question of punishment for disobedience would be determined by this court, not the trial court.

There is no authority supporting the majority's conclusion that our authority to issue the writ of prohibition in appeals from injunction orders depends on whether the order appealed from is a temporary order or a permanent one. On the other hand, in *Ex parte Kimbrough,* 135 Tex. 624, 146 S.W.2d 371, 372 (1941), Chief Justice Alexander, after holding that disobedience of a permanent injunction was punishable by contempt by the trial court where an appeal had been taken and a supersedeas bond filed, pointed out: "Moreover, even if the judgment had not been superseded, the contempt, if any, committed after the appeal had been perfected would have been punishable only by the Court of Civil Appeals." *Ex parte Travis et al.,* 123 Tex. 480, 73 S.W.2d 487. This language must be construed that our supreme court believed that the holding in *Travis* was not limited to cases involving appeals from orders granting temporary injunction.

There being no basis for concluding that attempts by a trial court to compel obedience to a temporary injunction pending appeal interferes with the jurisdiction of the appellate court any more that efforts to enforce a permanent injunction pending appeal, and since the availability of supersedeas can have no effect on the power of this court to protect its jurisdiction, I would

hold that the writ of prohibition should issue.