Affirmed and Memorandum Opinion filed June 13, 2006









Affirmed and Memorandum Opinion filed June 13, 2006.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00944-CV

_______________

 

 

IN THE INTEREST OF B.G AND A.G

 

 

                                                                                                                                               


On Appeal from the 246th District Court

Harris County, Texas

Trial Court Cause No. 99‑57667

                                                                                                                                                

 

M E M O R A N D
U M  O P I N I O N

In this suit to modify the parent-child relationship,
appellant, Garrett Gadd (AGarrett@), appeals from an order modifying conservatorship of his
minor children, modifying  the terms of
his possession and access, and enjoining him from certain acts.  We affirm.[1]

 








I. 
Background 

Garrett and appellee, Nicole Gadd (ANicole@), were previously divorced and
appointed joint managing conservators of their two children.  Subsequently, Nicole filed a motion to modify
conservatorship and the terms of Garrett=s possession and access.  As a result of two initial hearings in
October 2003, the trial court entered two temporary orders[2]
including an order  requiring that
Garrett submit to a psychological examination, both parties submit to drug
testing, and Garrett=s visitation be supervised temporarily through the S.A.F.E.
Program.[3]  Garrett did not submit to the psychological
examination or the drug testing.

In August 2004, the trial court resumed the hearing on the
motion to modify.  As a result of that
hearing, the trial court signed an AOrder in Suit To Modify Parent-Child
Relationship@ on September 27, 2004.  The trial court removed Garrett and Nicole as
joint managing conservators, appointed Nicole as sole managing conservator, and
appointed Garrett as possessory conservator. 
The trial court also ordered that Garrett=s visitation be supervised through
the S.A.F.E. Program.  Finally, the trial
court included an injunction prohibiting Garrett from engaging in the following
acts:

(1)       Disturbing the peace of the children or of any other party. 

(2)       Removing the children beyond the jurisdiction of the Court,
acting directly or in concert with others.

(3)       Withdrawing the children from enrollment in the school or
day-care facility where the children are presently enrolled.                   

(4)       Hiding or secreting the children from [Nicole] or changing the
children=s current abode at the residence of [Nicole].








(5)       Making disparaging remarks regarding [Nicole or Nicole=s family] in the presence or within the hearing of the
children.              

(6)       Using illegal
drugs or consuming alcohol within 12 hours before or during the period of
possession of or access to the children.

II. 
Discussion

Preliminarily, we note that Garrett, who has appeared pro
se in the trial court and on appeal, presents complaints that are somewhat
confusing and makes some arguments that are nonsensical and wholly unrelated to
the issues in this case.[4]  Nonetheless, we discern the following
complaints presented for appellate review: (1) the temporary order requiring a
psychological examination and drug testing did not comply with Texas Rule of
Civil Procedure 204.1(d); (2) the permanent injunction incorporated into the
modification order does not comply with Texas Rule of Civil Procedure 683; and
(3) the modification of conservatorship and the terms of Garrett=s possession and access violates the
United States Constitution, federal law, and the trial court=s oath of office.

A.        Temporary
Order for Psychological Examination and Drug Testing








First, Garrett contends that the written temporary order
requiring a psychological examination and drug testing did not comply with
Texas Rule of Civil Procedure 204.1(d). 
Rule 204.1(d) provides that an order compelling a party to submit to a
physical or mental examination Amust specify the time, place, manner, conditions, and scope
of the examination and the person or persons by whom it is to be made.@ 
Tex. R. Civ. P. 204.1(d).  However, the written temporary order is not
part of the appellate record.  With
limited exceptions not relevant here, an appellate court may not consider
matters outside the appellate record.  Nguyen
v. Intertex, Inc., 93 S.W.3d 288, 292 (Tex. App.C Houston [14th Dist.] 2002, no
pet.).  The trial court clerk was not required
to include the temporary order in the record absent a designation by the
parties because it is not the order being appealed.[5]  See Tex.
R. App. P. 34.5(a)(5).  There is
no indication that Garrett designated the temporary order as an additional item
to be included in the clerk=s record.  See Tex. R. App. P. 34.5(a)(13); Tex. R. App. P. 34.5(b).  Although Garrett attaches the purported
temporary order as an appendix to his appellate brief, the attachment of a
document as an appendix to a brief is not formal inclusion in the record on
appeal.  Adams v. Reynolds Tile &
Flooring, Inc., 120 S.W.3d 417, 423 (Tex. App.CHouston [14th Dist.] 2003, no pet.); Nguyen,
93 S.W.3d at 293.  Therefore, we may not
consider whether the temporary order complied with Rule 204.1(d).  Accordingly, we overrule Garrett=s first issue.

B.        Injunction

In his second issue, Garrett contends that the Apermanent injunction@ incorporated into the modification
order is void because it does not Aset forth the reasons for its
issuance@ as required by Rule 683 of the Texas
Rules of Civil Procedure.  See Tex. R. Civ. P. 683 (providing that,
among other requirements, every order granting an injunction Ashall set forth the reasons for its
issuance@).








Initially, we point out that the injunction is effectively permanent
although it states that Garrett is Atemporarily enjoined@ from the listed actions.  See Elizondo v. Williams, 643
S.W.2d 765, 767 (Tex. App.CSan Antonio 1982, no writ) (recognizing that characterization
of an injunction as temporary or permanent depends on its characteristics and
function); see also Del Valle Indep. Sch. Dist. v. Lopez, 845 S.W.2d
808, 809 (Tex. 1992) (recognizing nature of order depends on its
characteristics and functionCnot its form).  The
injunction is part of the final modification order.  Thus, it is not a temporary order intended to
protect the children before entry of a final modification order.  See Tex.
Fam. Code Ann. ' 105.001 (Vernon Supp. 2005) (authorizing trial court to make
ATemporary Orders Before Final Order,@ including temporary injunction, for
the safety and welfare of the children); Tex.
Fam. Code Ann. ' 156.006 (Vernon Supp. 2005) (authorizing such a temporary
order in a modification suit); Elizondo, 643 S.W.2d at 767 (stating that
purpose of temporary injunction is preservation of the status quo pending trial
on the merits).  Moreover, there is no
indication that the injunction was of limited duration, there were any matters
left to be resolved, or the trial court contemplated any further hearing.  See Elizondo, 643 S.W.2d at 767
(recognizing that permanent injunction is not dependent upon any future action
by the court and grants all relief which the court intends to grant).  Consequently, the injunction is permanent
despite the use of the term Atemporarily.@  See Brines v.
McIlhaney, 596 S.W.2d 519, 522B24 (Tex. 1980) (orig. proceeding)
(finding conservatorship provisions in final divorce decree were final although
labeled Atemporary@ because all controverted matters
were resolved and nothing indicated a further hearing was contemplated).

The Texas Family Code does not expressly address permanent
injunctions in suits affecting the parent-child relationship.  See Peck v. Peck, 172 S.W.3d 26, 35
(Tex. App.CDallas 2005, pet. denied).  Thus, we look to the rules applicable to
permanent injunctions in general civil cases. 
See Tex. Fam. Code Ann.
' 105.003(a) (Vernon 2002) (stating
that, unless expressly provided otherwise, proceedings in suits affecting the
parent-child relationship Ashall be as in civil cases generally.@); In re E.A.C., 162 S.W.3d
438, 442 (Tex. App.CDallas 2005, no pet.) (recognizing Family Code makes clear
that, unless expressly provided otherwise, suits affecting the parent‑child
relationship are governed by the same rules of procedure applicable to general
civil cases).[6]








In general civil cases, several Texas courts, including this
court, have held Rule 683=s requirement that an injunction state Athe reasons for its issuance@ applies only to an ancillary,
temporary injunction and not to a permanent injunction.  See Cook=s Bryan, Inc. v. State, 459 S.W.2d 682, 688 (Tex. Civ. App.CHouston [14th Dist.] 1970, writ ref=d n.r.e.); see also Qaddura v.
Indo‑European Foods, Inc., 141 S.W.3d 882, 891B92 (Tex. App.CDallas 2004, pet. denied); Shields
v. State, 27 S.W.3d 267, 273 (Tex. App.CAustin 2000, no pet.); Carrell v.
Richie, 697 S.W.2d 43, 46 (Tex. App.CAustin 1985, writ ref=d n.r.e.); Spinuzzi v. Town of
Corinth, 665 S.W.2d 530, 534 (Tex. App.CFort Worth 1983, no writ).  Therefore, we reject Garrett=s challenge to the injunction
incorporated into the final modification order and overrule his second issue.

C.        Modification
Order

In his third issue, Garrett generally contends that the
modification order violates the United States Constitution, federal law, and
the trial court=s oath to uphold the Constitution and federal law.  Garrett=s contentions are unclear, but he
apparently complains that the order violates his rights to equal protection and
due process and constitutes cruel and unusual punishment because he has been
denied the right to raise his children and denied  Aunrestricted access@ to the children.  However, he has waived these complaints
because he failed to raise them in the trial court.








To preserve a complaint for appellate review, a party must
present the complaint to the trial court by a timely request, objection, or
motion.  Tex. R. App. P. 33.1(a). 
Even constitutional complaints, including due-process and
equal-protection challenges, may be waived by failure to object at trial.  See Santos v. Comm=n for Lawyer Discipline, 140 S.W.3d 397, 404B05 (Tex. App.CHouston [14th Dist.] 2004, no pet.); Magnuson
v. Mullen, 65 S.W.3d 815, 829 (Tex. App.CFort Worth 2002, pet. denied); see
also Briggs v. State, 789 S.W.2d 918, 924 (Tex. Crim. App.
1990).  At the modification hearings,
Garrett did not argue or object that modification of conservatorship and the
terms of his possession and access would violate his constitutional rights,
federal law, or the trial court=s oath.  Moreover, he
did not file any motions raising these complaints or otherwise bring them to
the trial court=s attention. 
Accordingly, he has waived these complaints, and we overrule his third
issue.

The judgment of the trial court is
affirmed.

 

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed June 13, 2006.

Panel consists of
Justices Hudson, Frost, and Seymore.











[1]  Garrett has
also filed a APetition for Judicial Notice by Declaration@ requesting that we take judicial notice of the laws
of various other jurisdictions.  We
ordered this petition submitted with the case. Upon the motion of a party, we
are required to take judicial notice of the laws of other jurisdictions.  See Tex.
R. Evid. 202.  Therefore, we grant
Garrett=s petition as required; however, our granting the
petition is immaterial because we will dispose of Garrett=s complaints under Texas law.





[2]  The trial
court=s temporary orders are not included in the appellate
record; however, the trial court=s
remarks at the hearings and its findings of fact and conclusions of law after
entry of the modification order reflect the nature of the temporary orders.





[3]  Although the
S.A.F.E. Program is not outlined in the Family Code, the program apparently is
designed to facilitate and/or conduct supervised parental visitation.





[4]  For instance,
Garrett spends at least twenty pages of his reply brief citing numerous
authorities, such as Abraham Lincoln=s
executive orders, the AWar Powers@ act,
Cicero, NASA regulations, AOffice of Management and Budget@ regulations, and Oklahoma criminal law, purportedly
showing the trial court had no jurisdiction because Garrett=s name was spelled in all capital letters in the
pleadings.  In the trial court, Garrett
devoted much time to this argument and other unrelated arguments, although the
trial court urged him to address the issues concerning the children.





[5]  In his notice
of appeal, Garrett appeals only from the modification order.  In fact, his reason for challenging the
temporary order is unclear although he suggests the modification order was
improperly based on his earlier failure to comply with the temporary order.





[6]  The Family
Code does effectively exempt a temporary injunction entered for the
safety and welfare of the children in a suit affecting the parent-child
relationship from the requirement that a temporary injunction state the reasons
for its issuance.  See Tex. Fam. Code Ann. ' 105.001(b)(1) (stating that such a temporary
injunction Aneed not . . . define the injury or state why it is
irreparable.@); State v. Cook United, Inc., 464 S.W.2d 105,
106 (Tex. 1971) (holding that to comply with Rule 683, a temporary injunction
in a general civil case must Agive the reasons why injury will be suffered if the
interlocutory relief is not ordered@).