**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed March 8, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00036-CV

---

## IN RE NAVIDEA BIOPHARMACEUTICALS, INC. AND MACROPHAGE THERAPEUTICS, INC., Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**151st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-22242**

---

## MEMORANDUM OPINION

On January 19, 2018, relators Navidea Biopharmaceuticals, Inc. and Macrophage Therapeutics, Inc. (collectively, "Navidea") filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, Navidea asks this court to compel the Honorable Mike Engelhart, presiding judge of the 151st District Court of Harris County, to set a supersedeas bond amount. Real parties in interest are Capital

Royalty Partners II, L.P.; Capital Royalty Partners II – Parallel Fund "A", L.P.; Parallel Investment Opportunities Partners II, L.P.; Capital Royalty Partners II (Cayman) L.P.; and Capital Royalty Partners II – Parallel Fund "B" (Cayman) L.P. (collectively, "CRG"). We conditionally grant the petition.

## BACKGROUND

CRG loaned $50 million to Navidea in 2015. CRG claimed that Navidea defaulted on the loan. According to the verified facts contained in Navidea's petition, CRG then "swept" $4.1 million from Navidea's bank accounts (the "Swept Funds"), and filed suit against Navidea. Thereafter, the parties entered into a global settlement agreement ("Settlement Agreement"). Pursuant to the Settlement Agreement, Navidea immediately paid CRG $59 million. The Settlement Agreement provided that the trial court was to determine a final obligation amount, which was to be no less than $47 million and no more than $66 million. Further, under the Settlement Agreement, the parties agreed that (1) Navidea retained the right to assert entitlement to all offsets and credits, including "without limitation, the credit due for the U.S. Bank funds previously taken by Lenders"; and (2) "the Texas Court's decision shall be final and non-appealable and not subject to reconsideration, and shall be binding on all of the Parties to this Agreement."

On December 27, 2017, the trial court signed a final judgment, ordering that CRG recover $66 million from Navidea. The order further stated, "To be clear, though, this judgment requires Defendants 'Navidea' to pay an additional Seven Million Dollars ($7,000,000.00) in new money on top of the Fifty Nine Million Dollars that 'Navidea' has already paid pursuant to the 2017 settlement agreement entered into prior to the commencement of the trial of this case."

2

Navidea filed a motion to modify or correct the judgment and stay enforcement of the judgment. On January 3, 2018, the trial court granted a stay and signed the following order:

> After reviewing the pleadings on file and any arguments of counsel, the Court hereby stays the execution of its Judgment which would otherwise be immediately collectible and executable through 5 p.m. Houston time on Wednesday, January 10, 2018. The Court will either enter an amended Judgment and Findings and Conclusions by that time, or not. No additional filings will be considered, and no additional hearings will be held.

CRG filed a response to Navidea's motion. The trial court struck CRG's response, stating:

> On its own Motion, the Court hereby STRIKES from the record in this case Plaintiffs' January 5, 2018 "Response in Opposition to Defendants' Motion to Correct Judgment, and Plaintiff's [sic] Motion to Enforce the Global Settlement Agreement" as well as the cover letter and propose [sic] order filed with that Response. The Court's January 3, 2018 Order plainly stated that no further filings would be accepted. Plaintiffs' [sic] acknowledge this in their cover letter. Plaintiffs nevertheless ignored the Court's Order. The Court means what it says in its Orders. Any further filings by either side in this case may result in a show cause order from the Court regarding substantial sanctions.

On January 10, 2018, the trial court signed the following first amended final judgment, which stated in part:

> IT IS ORDERED, ADJUDGED, AND DECREED that Plaintiffs recover from Defendants the amount of $7,000,000.00 in damages, which is new money, in addition to the $59,000,000.00 previously paid to Plaintiffs pursuant to the high-low settlement agreement in this case.

3

IT IS FURTHER ORDERED that the Plaintiffs recover from Defendants post-judgment interest at the rate of 5% per annum from the date of this Amended Final Judgment.

The Court Orders, Adjudges, and Decrees that this Amended Final Judgment replaces the Final Judgment signed on December 27, 2017, and this Amended Final Judgment disposes of all claims, all defenses, and all parties.

It is further ORDERED that no additional filings or motions or corrections will be accepted by the Court pursuant to the plain language of the Parties' agreements. Further, the Court will not hold any additional hearings in this case.

The trial court also entered findings of fact and conclusions of law.

On January 16, 2018, Navidea filed an emergency motion to set a supersedeas bond and to modify the judgment. In its emergency motion, Navidea argued that the amended final judgment did not expressly credit $4,112,434.17, which was the amount of the Swept Funds Navidea previously paid above the $59 million settlement amount. Navidea explained that the parties disagreed about the meaning of the phrase in the judgment, "new money, in addition to the $59 million previously paid." Navidea contended that the $7 million includes the $4,112,434.17 in Swept Funds; CRG believed that the $7 million does not include the Swept Funds. Navidea asserted that, if CRG's interpretation were correct, CRG would be entitled to collect $70,112,434.17, which is more than the maximum amount of $66 million permitted by the Settlement Agreement. Navidea asked the trial court to modify the judgment "to clearly show which party is clearly right." Navidea stated that such modification would "let [Navidea] know whether an appeal of the Court's damages award is warranted."

4

Under the Settlement Agreement, CRG can collect amounts owed by Navidea by drawing on a letter of credit five days after entry of judgment, and, according to Navidea, CRG had attempted to draw the full $7 million on the letter of credit. Therefore, Navidea asked the trial court to (1) set a supersedeas bond in the amount of $2,887.565.83; or (2) stay enforcement of the judgment until the court set a supersedeas bond amount. Navidea stated that it filed the motion to protect its rights for a potential appeal, and that its motion did not implicate the contractual waiver of appeal of the trial court's determination of the final obligation amount. Navidea stated it may appeal the judgment "at least to the extent it does not credit [Navidea] with its payment of the Swept Funds and requires total payment in excess of the $66 million ceiling set by the high-low provision of the Settlement Agreement."

Navidea also filed a supplement to its emergency motion to set a supersedeas bond and to modify the judgment. The following comment was included in the electronic notice that Navidea's supplement was accepted for filing:

> Please be advise [sic]. The Court will NOT consider Defendants' Emergency Motion to Set Supersedeas Bond and to Modify Judgment and this Supplement as per Judgment and FOF/COL signed 01/10/2018. Thank you for your attention in this matter.

Navidea then filed its petition for writ of mandamus, in which it asserts that the trial court abused its discretion by refusing to set a supersedeas bond amount. Navidea also filed an emergency motion to stay the judgment. We granted the stay and requested CRG to respond to the mandamus petition. We now address the merits of the petition.

5

## STANDARD OF REVIEW

Generally, to be entitled to mandamus relief, a relator must demonstrate that (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 226 (Tex. 2016) (orig. proceeding) (per curiam). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302–03 (Tex. 2016) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).

Determining whether a relator has an adequate remedy by appeal requires a careful balance of jurisprudential considerations that implicate both public and private interests. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (quotations and citations omitted). "When the benefits of [mandamus review] outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). A relator does not have an adequate remedy by appeal if he is in danger of losing a substantial right. *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 211 (Tex. 2004) (orig. proceeding) (per curiam).

## ANALYSIS

By rule, judgment debtors are entitled to supersede a judgment, thereby suspending enforcement, by posting security set by the trial court. Tex. R. App. P. 24.1, 24.2(a)(3); *In re Crow-Billingsley Air Park, Ltd.*, 98 S.W.3d 178, 179 (Tex. 2003) (orig. proceeding) (per curiam); *see also Miga v. Jensen*, 299 S.W.3d 98, 100

(Tex. 2009) ("A judgment debtor is entitled to supersede the judgment while pursuing an appeal."); *Ex parte Kimbrough*, 135 Tex. 624, 626, 146 S.W.2d 371, 372 (1941) (orig. proceeding) ("[U]nless otherwise provided by statute, all final judgments may be superseded, pending appeal by the filing of a proper supersedeas bond."); *Anglo-Dutch Petroleum Int'l, Inc. v. Greenberg Peden, P.C.*, 522 S.W.3d 471, 492 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (stating that the Texas Supreme Court recognizes that "a judgment debtor is entitled to superseded the judgment while pursuing an appeal") (quoting *Miga*, 299 S.W.3d at 100)). The trial court generally has no discretion to refuse to fix the amount of a supersedeas bond. *Houtchens v. Mercer*, 119 Tex. 431, 437–47, 29 S.W.2d 1031, 1033–37 (1930) (orig. proceeding); *In re It's The Berry's LLC*, No. 12-06-00298-CV, 2006 WL 3020353, at *2 (Tex. App.—Tyler Oct. 25, 2006, orig. proceeding) (mem. op.); *Vineyard v. Irvin*, 855 S.W.2d 208, 211 (Tex. App—Corpus Christi 1993, orig. proceeding); *Elizondo v. Williams*, 643 S.W.2d 765, 767 (Tex. App.—San Antonio 1982, orig. proceeding); *Amalgamated Transit Union, Local Div. 1338 v. Dallas Pub. Transit Bd.*, 430 S.W.2d 107, 120 (Tex. Civ. App.—Dallas 1968, writ ref'd n.r.e.), *cert. denied*, 396 U.S. 838, 90 S. Ct. 99, 24 L. Ed. 2d 89 (1969). Mandamus may issue to compel the trial court to fix a bond amount. *It's The Berry's LLC*, 2006 WL 3020353, at *2; *Elizondo*, 643 S.W.2d at 767; *Burgher v. Chrisman*, 604 S.W.2d 536, 537 (Tex. Civ. App.—Dallas 1980, orig. proceeding); *Cont'l Oil Co. v. Lesher*, 500 S.W.2d 183, 185 (Tex. App.—Houston [1st Dist.] 1973, orig. proceeding). The trial court's discretion only extends to the amount of the bond and not to whether the bond should be granted or whether to fix the amount of the bond. *Cont'l Oil Co.*, 500 S.W.3d at 185.

The trial court's refusal to consider the motion and set a bond amount was "pursuant to the plain language of the Parties' agreements", which we construe to mean that the trial court interpreted the Settlement Agreement as waiving any right of appeal by Navidea. CRG likewise contends that the trial court did not abuse its discretion in refusing to set a bond amount because Navidea waived its right to appeal the judgment.

We do not decide this question and do not address whether Navidea has, by the Settlement Agreement, waived its right to appeal a complaint that the trial court's judgment grants relief beyond the scope of the parties' settlement because that is a matter for any forthcoming appeal. We hold only that the trial court's duty to set a supersedeas bond amount is ministerial, even if the trial court believes a party's right to appeal has been waived. By refusing to set supersedeas bond amount, the trial court has effectively denied Navidea the right to file a bond in the amount it contends is sufficient to supersede the judgment pending a potential appeal.

Navidea's remedies by ordinary appeal will be inadequate in this instance. The trial court signed the first amended final judgment on January 10, 2018. Pursuant to the Settlement Agreement, if Navidea does not pay the full amount owed to CRG within five days of the trial court's determination of Navidea's final obligation amount, CRG is entitled to execute on the judgment by drawing on a letter of credit. If CRG collects the full $7 million ordered by the judgment before Navidea is able to appeal the judgment, that does not necessarily moot the appeal but Navidea will be faced with attempting to recover funds collected by CRG if Navidea is ultimately successful in an appeal. Any restitution rights Navidea may acquire by a

successful appeal may be rendered ineffective if the trial court does not set a supersedeas bond amount.

Navidea has shown that (1) the trial court abused its discretion by refusing to set a supersedeas bond amount; and (2) it does not have an adequate remedy on appeal. *See It's The Berry's, LLC*, 2006 WL 3020353, at \*4 (granting mandamus relief when trial court failed to set bond amount); *Vineyard*, 855 S.W.2d at 211 (explaining that the trial court generally has no discretion to refuse to fix the amount of a supersedeas bond and there is no method under the appellate rules to review the trial court's refusal to allow the appellant to file a supersedeas bond).

## CONCLUSION

Having determined that the trial court abused its discretion by refusing to set a supersedeas bond amount and Navidea does not have an adequate remedy by appeal, we conditionally grant the writ and direct the trial court to set a supersedeas bond amount. *See It's The Berry's, LLC*, 2006 WL 3020353, at \*2 (stating that mandamus is appropriate to compel a trial court to set the amount of a supersedeas bond); *Elizondo*, 604 S.W2d at 537 (same). The writ will issue only if the trial court fails to act in accordance with this opinion. Our January 22, 2018 order staying enforcement of the judgment will remain in place until the expiration of seven days following the trial court's signed order setting a supersedeas bond amount.

PER CURIAM


Panel consists of Justices Christopher, Donovan, and Jewell.

9